| AOC-105<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | <br>CIVIL SUMMONS | Case No. 14-CI-000882<br>Court ☐ Circuit ☐ District<br>County  Jefferson |

**JEFFERSON CIRCUIT COURT DIVISION THIRTEEN (13)**

**PLAINTIFF**

Theodore and Katherine Waldridge

VS.

**DEFENDANT**

Halo Asset Management
7668 Warren Parkway
Suite 325
Frisco, TX 75034

**Service of Process Agent for Defendant:**
Kentucky Secretary of State

*RECEIVED FEB 25 2014 SECRETARY OF STATE COMMONWEALTH OF KY*

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FEB 19 2014, 2___

DAVID L. NICHOLSON, CLERK

By: _____ Clerk
    _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:
_____

this ____ day of _____, 2____.

Served by: _____
           _____ Title

**14 CI 000882**

CASE NO. _____                           JEFFERSON CIRCUIT COURT
                                               DIVISION_____

THEODORE AND KATHERINE WALDRIDGE                               PLAINTIFF

v.                           **COMPLAINT**                JEFFERSON CIRCUIT COURT
                                                          DIVISION THIRTEEN (13)

ACQURA LOAN SERVICES
7668 WARREN PKWY                                                DEFENDANT
SUITE 325
FRISCO, TX 75034

SERVE: KENTUCKY SECRETARY OF STATE

HALO ASSET MANAGEMENT
7668 WARREN PKWY
SUITE 350
FRISCO, TX 75034

SERVE: KENTUCY SECRETARY OF STATE

\* \* \* \* \* \* \* \* \* \* \*

Plaintiffs, Theodore and Katherine Waldridge, by counsel and for her Complaint in this matter states as follows.

## PARTIES

1.      Plaintiffs, Theodore and Katherine Waldridge, (hereinafter referred as "Waldridge") were residents and citizens of Louisville, Jefferson County, Kentucky at all times relevant herein. Their current address is 4217 Winter Lake Dr., Louisville, KY 40272.

2.      Defendant, Acqura Loan Services, (hereinafter referred as "Acqura"), at all times relevant herein was a Kentucky limited liability company and is registered to do business in the Commonwealth of Kentucky with a principal place of business located at 7668 Warren Pkwy, Suite 325, Frisco, TX 75034; Acquara Loan Services is the loan holder for Waldridge and availed itself through the purchase of the loan from Lender Live and therefore has the required minimal contacts to be sued in Kentucky.

3. Defendant, Halo Asset Management, (hereinafter referred as "Halo"), at all times relevant herein was a Texas company doing business in the state of Kentucky without registering to do business in the state and has a principal place of business located at 7668 Warren Pkwy, Suite 350, Frisco, TX, 75034; Halo Asset Management actively sought business from Kentucky by advertising and acting as a real estate agent for the property in question therefore has the required minimal contacts to be sued in Kentucky.

## JURISDICTION AND VENUE

4. Waldridge seeks damages in excess of the jurisdictional minimum of this Court.

5. The events complained of herein occurred in Jefferson County, Kentucky.

6. This Court has jurisdiction over this matter, and venue is proper in the Jefferson Circuit Court.

## FACTS

7. On or about January of 2012, Waldridge answered a "for sale" sign posted by Halo Management for a property located at 2118 Grand Avenue, Louisville, KY 40210. Waldridge wanted to purchase this property as a rental property to produce extra income. Lance Maddox, an employee and agent of Halo gave advice, to allow Halo to act for the seller, Lender Live, and the buyer, Waldridge, in the sale. On January 26, 2012, the parties attended the closing and intended to close on the property. However, there were unpaid property taxes that were associated with prior owner. At closing, Lender Live stated that it would pay all taxes up until 2012 and that Waldridge would be liable to pay all future property taxes.

8. At the advice of Mr. Maddox, Waldridge agreed to all the terms and signed the Contract for Deed and Promissory note. The Promissory Note stated that Waldridge were to pay $237.53 a month for 240 months. The Note also stated that Waldridge would not need to pay

any escrow payment. At no time did Mr. Maddox suggest that Waldridge hire an agent to act solely on their behalf.

9. On or about February 2013 Waldridge went to pay for the 2012-2013 property taxes and realized that the taxes for prior years had not been paid yet. Unbeknownst to Waldridge, Acqura had taken over the loan from Lender Live on or about February 2013 and paid off all taxes. Waldridge contacted Mr. Maddox of Halo Management to inquire into the situation and he stated that he would have someone correct the situation. However, Mr. Maddox neglected to correct the situation and did nothing to notify Waldridge of Lender Live's company deficiencies.

10. On or about March of 2013 Waldridge began to look for a new home. At this time, Waldridge were pre-approved for a bank loan and their credit score was north of 700. However, shortly thereafter Acqura put a negated credit report on Waldridge's credit score. Also, all new payments that were being made began to be applied towards the delinquent taxes and an escrow account.

11. On or about August of 2013 Waldridge were about to close on a property located at 5421 Johnsontown Rd., Louisville KY 40272. They needed their credit score to be verified one more time before closing. It was at this time that they found out that their credit score had been lowered almost 200 points due Acquara's negative report. They were not able to obtain financing or purchase this property.

12. Waldridge attempted to rectify the issue by calling Mr. Maddox of Halo, however Mr. Maddox stated that they would need to speak to Teresa Rowser at Acqura. Ms. Rowser, an agent of Acqura, notified Waldridge that this was an error on their part and that this had happened to other consumers as well. Still, she never corrected the issue and now gives rise to this complaint. To date, Waldridge's credit score remains the same and have suffered personally

because of their credit score and have also not been able to obtain bids on projects through their company A-O-K Home Improvements and Contracting.

## COUNT I:

## NEGLIGENCE

13. Waldridge adopts and incorporates by reference all averments in paragraphs 1 through 12 above as if fully set forth herein.

14. Defendants Acqura and Halo owed a duty to Waldridge to exercise ordinary care in the course of the conduct of its business to properly pay all property taxes prior to the 2012-2013 year.

15. Acqura failed to pay for the property taxes and failed to notify all credit bureaus to repair the credit score of Waldridge; Halo failed to ensure that Lender Live pay for the property taxes or advise Acqura of the agreed upon terms.

16. Plaintiff's suffered damages as a result of Defendants' breach of its duty to Plaintiff's for which they should be compensated.

## COUNT II

## VIOLATION OF THE CONSUMER PROTECTION ACT

17. Waldridge adopts and incorporates by reference all averments in paragraphs 1 through 16 above as if fully set forth herein.

18. KRS 367.170 provides that unfair, false, misleading or deceptive acts or practices in the conduct of any trade are declared unlawful.

19. Defendant, Halo, misrepresented at closing that it would ensure that the property taxes on the property would be paid, in contravention of KRS 367.170.

20. Defendants' also misrepresented to Waldridge that it would rectify the issue and pay the property taxes, but instead paid all property taxes to date and reported Waldridge to the credit bureau, which constitutes false, misleading and/or deceptive acts in contravention of KRS 367.170.

21. Defendants' acts in contravention of KRS 367.220 have caused Waldridge and their business damages for which they should be compensated. Waldridge should also be awarded their reasonable attorney fees pursuant to KRS 367.220.

## COUNT III:

## FRAUD AND INTENTIONAL MISREPRESENTATION

22. Waldridge adopts and incorporates by reference all averments in paragraphs 1 through 21 above as if fully set forth herein.

23. Defendants made intentional misrepresentations to and/or intentionally withheld material information from Waldridge regarding the pay off of the property taxes. Additionally, Defendants misrepresented that the property taxes were later paid and that it would not hurt their credit.

24. Defendants' material false misrepresentations and/or omissions as described herein above have caused Plaintiff's to fall behind on their monthly mortgage payments. Further, Defendants are intentionally not accepting the monthly mortgage payments under the terms of the promissory note.

25. Waldridge are entitled to an award of damages to sufficiently compensate them for the effects of the fraudulent acts of the Defendant described herein above.

## COUNT IV

## KENTUCKY RESIDENTIAL MORTGAGE FRAUD ACT

26. Waldridge adopts and incorporates by reference all averments in paragraphs 1 through 25 above as if fully set forth herein.

27. KRS 286.8-990 provides that a defendant violates the residential mortgage fraud when, with the intent to defraud, employs a device, scheme, or artifice to defraud.

28. Defendants intended to device a scheme to tell the Plaintiff's that they would pay for property taxes and later used the Plaintiff's credit score to try and leverage the Plaintiff's to pay penalties on the property.

29. Defendants' acts in contravention of KRS 286.8-990 have caused Waldridge and their business damages for which they should be compensated.

## COUNT V

## BREACH OF CONTRACT

30. Waldridge adopts and incorporates by reference all averments in paragraphs 1 through 29 above as if fully set forth herein.

31. Defendant, Acqura, breached its contract with the Plaintiff by failing to abide by the promises made at the time of closing and not allow Waldridge to make their monthly payments of $237.53.

32. Defendant's breach of contract in favor of Waldridge described herein above have caused Plaintiff damages for which they should be compensated.

## COUNT VI:

## PUNITIVE DAMAGES

33. Waldridge adopts and incorporates by reference all averments in paragraphs 1 through 32 above as if fully set forth herein.

34. Defendants' acts described herein above were taken with actual malice and/or recklessly in disregard of Waldridge's rights and/or property and in contravention of KRS 411.184 and 411.186.

35. Accordingly, Waldridge is entitled to an award of punitive damages in such amount as a Court might find just at trial of this matter.

WHEREFORE, Waldridge, demands as follows:

1. Judgment on all counts of their Complaint;

2. Leave to amend their Complaint as proof develops;

3. For an award of such damages as may be proven at trial of this matter;

4. For an award of punitive damages;

5. For an award of their costs expended herein;

6. For an award of their reasonable attorney fees; and

7. For any and all other such relieve to which he may appear entitled.

Respectfully submitted,

**Alex R. White, PLLC**

Fernando C. Valdizan, Jr.
617 Baxter Ave.
Louisville, KY 40204
(502) 822-6089
*Counsel for Plaintiff*